**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| RONALD E. RICHTER AND THE ESTATE OF MARY T. RICHTER, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-17-2021 |
| NATIONSTAR MORTGAGE, LLC, | § § § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Ronald E. Richter and the Estate of Mary T. Richter sued Nationstar Mortgage, LLC in Texas state court. (Docket Entry No. 1, Ex. 3). The petition alleged that after Mary and Herbert Richter died, their son, Ronald Richter, became the executor of their estate and continued to pay the mortgage loans they had taken in 2005 to buy their home. Richter defaulted on the loan payments, and Nationstar, the loan servicer, accelerated and began foreclosure proceedings. Richter sued in state court, seeking to enjoin the foreclosure. Nationstar timely removed on the basis of federal-question jurisdiction, (Docket Entry No. 1), and filed a Rule 12(c) motion for judgment on the pleadings, (Docket Entry No. 3). FED. R. CIV. P. 12(c). Richter did not respond.

Based on the petition, the motion to dismiss, the record, and the applicable law, this court grants Nationstar's motion and dismisses this case, with prejudice, because further amendment would be futile. An order of final judgment is separately entered. The reasons are explained below.

**I.     Background**

In 2012, Ronald Richter faced difficulties making the mortgage payments on the home his parents had purchased, financed by a $184,000 loan and a $46,000 loan. Bank of America, N.A. was

the mortgage servicer at that time. Richter offered to purchase the property at a short-sale to lower the mortgage payments, but according to his petition, Bank of America initiated foreclosure proceedings rather than responding to the short-sale offer. Nationstar, which had become the mortgage servicer, denied Richter's short-sale offer and proceeded to foreclose. Richter filed for bankruptcy. Nationstar filed a proof of claim in the bankruptcy and accepted payments from the trustee, reinstating the loan. The bankruptcy was dismissed on April 28, 2016. Following the dismissal, Richter, again in default, tried to get a loan modification from Nationstar, but it initiated foreclosure. This lawsuit followed.

Richter asserts a variety of claims under statute statutory and common law and under the Federal Real Estate Settlement Procedures Act, 12 C.F.R. § 1024. Each claim is examined under the applicable legal standards.

## II.     The Legal Standards

"A motion brought pursuant to Fed. R. Civ. P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quotation marks and citation omitted). The Rule 12(c) and Rule 12(b)(6) standards are the same. *Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010). Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible

2

on its face." *Twombly*, 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008). The Supreme Court explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677.

A court considers only the pleadings in deciding a motion for judgment on the pleadings, *see Brittan Commc'ns Int'l Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 904 (5th Cir. 2002), but "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *See, e.g.*, *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *see also* 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357, at 509–10 (3d ed. 2004) (stating that "matters incorporated by reference or integral to the claim [and] items appearing in the record of the case . . . may be considered by the district judge without converting the [Rule 12(b)(6)] motion into one for summary judgment"). Exhibits attached to a complaint are part of the complaint "for all purposes." FED. R. CIV. P. 10(c); *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 375 (5th Cir. 2004) ("[I]t is not error to consider the exhibits to be part of the complaint for purposes of a Rule 12(b)(6) motion."). Because the standards for Rule 12(c) and Rule 12(b)(6) are the same, a court may consider the same kinds of documents in a Rule 12(c) motion that it could consider in a Rule 12(b)(6) motion.

Under Federal Rule of Civil Procedure 9(b), "a party must state with particularity the circumstances constituting fraud or mistake." FED.R.CIV.P. 9(b). Rule 9(b) applies to all fraud allegations, including those in which fraud is not an element of the claim. *Lone Star Ladies Inv. Club v. Schlotzky's, Inc.*, 238 F.3d 363, 368 (5th Cir. 2001).

3

**III.   Analysis**

   **A.   The Allegations in the Complaint**

   Richter asserts the following causes of action:

- Nationstar engaged in unfair debt collection practices under the Texas Debt Collection Act, Tex. Fin. Code Ann. §§ 392.301–392.304, by filing an inaccurate proof of claim and using "false representation or deceptive means to collect a debt";

- Nationstar was unjustly enriched by taking advantage of Richter and engaging in unscrupulous behavior, misfeasance, and nonfeasance;

- Nationstar was negligent for failing to properly account for payments and charges, notify Richter of assignments, send required notices, or properly review his loan modification applications;

- Nationstar made unreasonable-collection efforts, including imposing illegal or unnecessary fees, refusing to accept partial payments, and refusing to provide a history of payments and allocations;

- Nationstar violated the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code Ann. § 17.50(a)(1), by taking advantage of Richter's "lack of knowledge, ability, experience, or capacity . . . to a grossly unfair degree";

- Nationstar breached the contract by failing to send required notices and failing to accept Richter's short-sale offer or other alternative cure; and

- Nationstar violated the Real Estate Settlement Procedures Act, 12 C.F.R. § 1024, by denying Richter's loan modification on the ground that he had more than five homes.

   **i.   The Debt Collection Practices Claim**

The Texas Debt Collection Act "prohibits debt collectors from engaging in various practices, including threatening to take actions prohibited by law and making fraudulent, deceptive, or misleading representations." *Lopez v. Sovereign Bank, N.A.*, 2015 WL 1802910, at *2 (S.D. Tex. Apr. 17, 2015). Richter alleges that Nationstar "misrepresent[ed] the character, extent, or amount of a consumer debt," and "[u]sed . . . false representation or deceptive means to collect a debt." The only fact alleged is that the proof of claim Nationstar filed in the bankruptcy proceeding contained erroneous information. Nationstar asserts that federal law preempts Richter's claim. "A state law is preempted by federal law where '(1) Congress expressly preempts state law; (2) Congressional intent to preempt is inferred from the existence of a pervasive regulatory scheme; or (3) state law conflicts with federal law or interferes with the achievement of federal objectives.'" *Vargas v. Kiewit Louisiana Co.*, 2012 WL 2952171, at *2 (S.D. Tex. July 18, 2012) (citing *Hodges v. Delta Airlines, Inc.*, 44 F.3d 334, 336 n.1 (5th Cir. 1995).

Nationstar is right; Richter's Texas-Debt-Collection-Act-proof-of-claim argument is preempted. "Congress has enacted a comprehensive regulatory scheme to regulate bankruptcy proceedings and state law remedies for abuse of bankruptcy provisions are preempted." *In re Trevino*, 535 B.R. 110, 142 (Bankr. S.D. Tex. 2015). Federal courts have exclusive jurisdiction over bankruptcy and Congress has established a comprehensive system of federal remedies for debtors challenging inaccurate proofs of claim. *Id.* at 142–43. To allow a bankruptcy proof of claim to be the basis for a Texas Debt Collection Act violation would produce inconsistent results and interfere with bankruptcy administration uniformity. *Id.*

Because Richter does not allege any other facts showing fraud or mistake, and because amendment would be futile, the unfair debt collection act claim is dismissed with prejudice and without leave to amend. FED. R. CIV. P. 9(b).

5

### ii. The Unjust Enrichment Claim

"In Texas, unjust enrichment is based on quasi-contract and is unavailable when a valid, express contract governing the subject matter of the dispute exists." *Coghlan v. Wellcraft Marine Corp.*, 240 F.3d 449, 454 (5th Cir. 2001). The deed of trust governs the subject matter of this dispute, providing express terms on payment, default, acceleration, charges, and more. (Docket Entry No. 1, Ex. 3–B). Unjust enrichment is not an available claim. Even if the express contract did not govern, Richter has not alleged facts that would show that Nationstar "obtained a benefit . . . by fraud, duress, or the taking of an undue advantage." *Costello v. U.S. Bank Tr., N.A. for LSF9 Master Participation Tr.*, 689 F. App'x 253, 256 (5th Cir. 2017). Instead, he conclusorily alleges that Nationstar engaged in "unscrupulous behavior," "misfeasance," and "nonfeasance," without identifying any actions or facts. Because Richter's claim of unjust enrichment is barred by the deed of trust and amendment would be futile, this claim is dismissed with prejudice and without leave to amend.

### iii. The Negligence Claim

Negligence under Texas law requires: "(1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damages caused by the breach." *Pemberton v. PNC Bank Nat. Ass'n*, 2012 WL 2122201, at *3 (S.D. Tex. June 11, 2012). "To show there is a duty in tort based on a contract, a plaintiff must show there is a special relationship between the parties." *Carrington v. Bank of Am., N.A.*, 2013 WL 265946, at *7 (S.D. Tex. Jan. 17, 2013). The relationship between mortgagor and mortgagee is not "special." *See id.*; *Thomas v. EMC Mortg. Corp.*, 499 F. App'x 337, 341 (5th Cir. 2012); *Anyafulu v. Equicredit Corp. of Am.*, 2016 WL 6885627, at *3 (S.D. Tex. Feb. 19, 2016). Because Richter pleads facts that defeat finding a special relationship, making amendment futile, his negligence claim is dismissed with prejudice and without leave to amend.

### iv. The Unreasonable-Collection Claim

Unreasonable-collection is a common-law intentional tort, but its elements "are not clearly defined and the conduct deemed to constitute an unreasonable-collection effort varies from case to case." *EMC Mortg. Corp. v. Jones*, 252 S.W.3d 857, 868 (Tex. App. 2008). Unreasonable-collection requires "a course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm." *Thomas*, 499 F. App'x at 342 (5th Cir. 2012) (citing *Montgomery Ward & Co. v. Brewer*, 416 S.W.2d 837, 844–45 (Tex. Civ. App. 1967)). "[T]he tort of unreasonable-collection is intended to deter outrageous collection techniques, particularly those involving harassment or physical intimidation." *Thomas*, 499 F. App'x at 342 (quotations omitted). "As a general rule, mental anguish damages alone will not establish a right of recovery; the plaintiff must suffer some physical injury or other actual damages in order to be entitled to relief." *B.F. Jackson, Inc. v. CoStar Realty Info., Inc.*, 2009 WL 1812922, at *5 (S.D. Tex. May 20, 2009).

Richter claims unreasonable-collection efforts based on Nationstar's unwillingness to accept a loan modification or partial payments, its refusal to provide a history and allocation of payments, and its "illegal and/or unnecessary fees and attorney fees that caused injury to plaintiff." (Docket Entry No. 1, Ex. 3, ¶ 28). In *Thomas*, the plaintiffs alleged that a bank did not inform them of the amount owed on their note and did not approve them for a loan modification. *Thomas*, 499 F. App'x. at 342. The Fifth Circuit held that these were not allegations of outrageous collection techniques, as required for an unreasonable-collection claim under Texas law. Similarly, Richter has not pleaded facts needed to sustain an unreasonable-collection claim. A bank's decision to deny a loan modification to a borrower in default, or to reject incomplete payments, is not harassment. This basis for the claim is dismissed, with prejudice, because amendment would be futile.

Richter also claims that Nationstar "continually added illegal and/or unnecessary fees and attorney fees that cause injury to plaintiff." He does not allege any specifics. He alleges foreclosure against a defaulting borrower under a deed of trust that allows recovery of fees incurred in collection efforts; he alleges no behavior that "oversteps the bounds of routine collection methods through excessive harassment." *Everhart v. CitiMortgage, Inc.*, 2013 WL 264436, at *6 (S.D. Tex. Jan. 22, 2013).

Finally, there is nothing in the pleadings supporting a showing of mental anguish or physical injury. Richter's claim does not rise to the outrageousness demanded by the tort of unreasonable-collection. The unreasonable-collection claim is dismissed, with prejudice and without leave to amend.

    **v.**    **The Deceptive Trade Practices Act Claims**

The Texas Deceptive Trade Practices Act prohibits "[f]alse, misleading, or deceptive acts or practices in the conduct of any trade or commerce . . . ." Tex. Bus. & Com. Code Ann. § 17.46(a). Only a "consumer" may "maintain an action" under the Deceptive Trade Practices Act. *Id.* at § 17.50(a). The statute defines a "consumer" as "an individual, partnership, corporation, this state, or a subdivision or agency of this state who seeks or acquires by purchase or lease, any goods or services . . . ." *Id.* at 17.45(4). Generally, "where the underlying transaction is a loan, consumer status is not conferred because money is neither a good or service." *Reule v. M & T Mortg.*, 483 S.W.3d 600, 614 (Tex. App. 2015); *see Riverside Nat. Bank v. Lewis*, 603 S.W.2d 169, 173–76 (Tex. 1980). An exception applies "where the objective of the transaction complained of was the purchase or lease of a good or service notwithstanding that the plaintiff borrowed money to complete the transaction." *Reule*, 483 S.W.3d at 614; *see Flenniken v. Longview Bank and Trust Co.*, 661 S.W.2d 705 (Tex. 1983).

8

Richter complains about the loan servicer's foreclosure and refusal to modify the loan, actions relating to the underlying loan transaction. He makes no allegation about the initial purchase or financing of the property. No exceptions apply to make Richter a "consumer."

Richter also alleges deceptive trade practices violations under the Texas Finance Code, Tex. Fin. Code Ann. § 392.404. Because a violation of § 392.404 is actionable under the Deceptive Trade Practices Act, Richter's lack of consumer status prohibits this claim as well. Tex. Fin. Code Ann. § 392.404(a). The deceptive trade practices claim is dismissed, with prejudice and without leave to amend.

### vi. The Breach of Contract Claims

Richter asserts two different breach of contract claims. The first is that Nationstar violated the deed of trust by failing to give him notice by certified mail of his right to cure. Under the deed of trust acceleration and remedies provisions, (Docket Entry No. 1, Ex. 3–B, ¶ 22), Nationstar was required to give the borrower notice "prior to acceleration following Borrower's breach." The notice was required to state "the action required to cure the default" and the date "by which the default must be cured . . . ." The deed of trust required that "any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class or when actually delivered to Borrower's notice address if sent by other means." (Docket Entry No. 1, Ex. 3–B, ¶ 15). Richter carefully alleges that "[n]o notice was received of mortgagor's right to cure by certified mail," (Docket Entry No. 1, Ex. 3, ¶ 38), but also alleges that he made attempts to get Nationstar to work with him toward a cure by means of a short-sale "or any other reasonable alternatives available to" him. *Id.*

The deed of trust requires that notice be sent by first-class mail or delivered; certified mail is not required. Richter alleges that he did not receive a certified mail notice, but he also alleges that

9

he did attempt to cure, without success. The record undermines this basis for alleging a breach of contract.

Richter also alleges that Nationstar violated the deed of trust by not allowing him to cure the loan default with a short sale or other alternative. Richter does not, and cannot, allege that any provision of the deed of trust supports his allegation. Nothing in the deed of trust required Nationstar to allow Richter to choose an alternative form of "cure." Instead, the deed of trust stated that the borrower could reinstate the loan for up to 30 days if he:

> (a) pays Lender all sums which then would be due under [the deed of trust] and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing [the deed of trust], including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lenders' interest in the Property and rights under [the deed of trust]; and (d) takes such action as Lender may reasonable require to assure that Lender's interest in the Property and rights under [the deed of trust], and Borrower's obligation to pay the sums secured by [the deed of trust] shall continue unchanged.

(Docket Entry No. 1, Ex. 3–B, ¶ 19). Nowhere does the deed of trust state that Nationstar had to accept a short-sale or any cure other than the payment of sums due. The deed of trust defeats this basis for a claim for breach of contract. The breach of contract claims are dismissed, with prejudice and without leave to amend because amendment would be futile.

### vii. The Real Estate Settlement Procedures Act Claim

Richter alleges that Nationstar failed to follow the regulations implementing the Real Estate Settlement Procedures Act, 12 C.F.R. § 1024, without identifying a provision. Because the petition alleges that he was wrongfully "denied a modification because he was asserted to have more than five homes," Nationstar surmises that the claim is under § 1024.41, which addresses loss-mitigation procedures. If that is right—and it appears to be—Richter has not pleaded facts showing that he submitted a complete loss-mitigation application, triggering Nationstar's requirements under

10

§ 1024.41. The record shows that Nationstar informed Richter that it denied his modification requests because they were incomplete. (Docket Entry No. 1, Ex. 3-J). The record precludes amendment to allege that the denial was based on ownership of multiple homes.

Richter's claim under the Real Estate Settlement Procedures Act is dismissed, with prejudice and without leave to amend, because amendment would be futile.

**IV.    Conclusion**

Nationstar's motion to dismiss, (Docket Entry No. 3), is granted. Richter's claims are dismissed with prejudice. Final judgment is separately entered.

SIGNED on September 19, 2017, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge